# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
------------------------------------------------------------------x
SARA WEXLER, on behalf of herself       :
and all others similarly situated,      :
                                        :
                    Plaintiff,          :
                                        :       Case No. 1:06 CV 01917
        v.                              :
                                        :       Judge Gladys Kessler
UNITED AIRLINES, INC. (a Delaware       :
Corporation) and UAL Corporation        :
(a Delaware Corporation),               :
                                        :
                    Defendants.         :
                                        :
------------------------------------------------------------------x
```

## PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND ACTION TO SUPERIOR COURT

LAW OFFICES OF NAT N. POLITO, PC

Nat N. Polito, Esq. (453365)
1776 K Street, NW, Suite 200
Washington, DC  20006
(202) 463-0110

-and-

MORGENSTERN JACOBS & BLUE, LLC
Eric B. Fisher, Esq. (Pro Hac Vice)
Laura J. Lefkowitz, Esq. (Pro Hac Vice)
885 Third Avenue
New York, New York  10022
(212) 750-6776

*Counsel to Plaintiff*

## **Table of Contents**

Table of Contents.................................................................................................. ii

Table of Authorities ............................................................................................iii

PRELIMINARY STATEMENT ......................................................................... 1

THE ACTION SHOULD BE REMANDED TO STATE COURT ................................. 3

    A.   United Bears the Burden of Showing That Removal Was Proper..................... 3

    B.   United Has Not Established Federal Question Jurisdiction............................... 5

    C.   United Has Not Established Diversity Jurisdiction ........................................... 8

    D.   United Has Not Established Jurisdiction Under CAFA.................................. 11

CONCLUSION.................................................................................................... 14

## Table of Authorities

### Cases

*Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006) .................................................. 5

*American Airlines v. Wolens*, 513 U.S. 219 (1995) ........................................................ 7

*Baker v. BDO Seidman*, 390 F.Supp.2d 919 (N.D. Cal. 2005) ........................................... 7

*Blockbuster, Inc. v. Galeno*, Docket No. 05-8019-cv, 2006 U.S. App. LEXIS 31757 (2d.
    Cir. Dec. 26, 2006) ............................................................................................ 4, 5, 11

*Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005) ........................ 4, 5

*California v. H&R Block*, 2006 U.S. Dist. LEXIS 69472 (N.D. Cal. Sept. 18, 2006) ....... 6

*Comm. For GI Rights v. Callaway*, 518 F.2d 466 (D.C. Cir. 1975) ................................. 10

*Empire Healthchoice Assurance, Inc. v. McVeigh*, 126 S.Ct. 2121 (2006) .................... 6, 7

*Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg*, 545 U.S. 308 (2005)... 1, 5, 7

*Hohn v. Volkswagen*, 837 F. Supp. 943 (C.D. Ill. 1993) ................................................ 11

*Kaye v. Southwest Airlines Co.*, Civil Action No. 3:05-CV-0450-D, 2005 U.S. Dist.
    LEXIS 18389 (N.D. Texas 2005) ................................................................................ 6

*King v. The Provident Bank*, No. 2:05-cv-961, 2006 U.S. Dist. LEXIS 17877 (M.D. Ala.
    Apr. 6, 2006) ............................................................................................................ 6

*Kingsley v. Lania*, 221 F. Supp.2d 93 (D. Mass 2002) ................................................. 5, 7

*Miedema v. Maytag Corp.*, 450 F.3d 1322 (11th Cir. 2006) ................................. 5, 11, 12

*Ongstad v. Piper Jaffray & Co.*, 407 F. Supp.2d 1085 (N.D. 2006) ............................... 12

*Skydive Factory, Inc. v. Maine Aviation Corp.*, 268 F. Supp.2d 61 (D. Me. 2003) ........... 8

*Srour v. Barnes*, 670 F. Supp 18 (D.C. Cir. 1987) ......................................................... 8

*Sung v. Wasserstein*, 415 F.Supp.2d 393 (S.D.N.Y. 2006) ............................................. 6

*Watkins v. Pepco Energy Services, Inc*., 2005 U.S. Dist. Lexis 16930 (D.C. Cir. 2005)... 9

*Williams v. Midwest Express Airlines, Inc.*, 315 F. Supp.2d 975 (E.D. Wis. 2004) ........... 8

*Yeroushalmi v. Blockbuster, Inc.*, No. CV 05-225-AHM (RCX), 2005 WL 2083008 (C.D.
    Cal. July 11, 2005) ................................................................................................... 13

*Your Girl Friday, LLC v. MGF Holdings, Inc.*, Civil Action No. 06-0385 (ESH), 2006
    U.S. Dist. LEXIS 20665 (D.D.C. Apr. 18, 2006) .................................................... 3, 10

**Other Authorities**

S. Rep. No. 109-14 (2005) ................................................................................................ 4

Plaintiff Sara Wexler, on behalf of herself and all others similarly situated, respectfully submits this reply memorandum in support of her cross-motion to remand this action to Superior Court.

### PRELIMINARY STATEMENT

United[1] has failed to meet its burden of establishing federal jurisdiction with regard to any of the three bases for jurisdiction it alleges. All doubts about the validity of federal jurisdiction should be resolved in favor of remand.

**There is no federal question jurisdiction.** Under the well-pleaded complaint rule, Wexler's complaint alleges state law claims only. That fact is undisputed. United also acknowledges that the Airline Deregulation Act ("ADA") does not provide for "complete preemption" of all state law claims, and thus the doctrine of complete preemption cannot serve as a basis for federal question jurisdiction here.

Left with no other alternative, United relies on the Supreme Court's decision in *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg*, 545 U.S. 308 (2005), to argue that this Court should find federal question jurisdiction because Wexler's claims "implicate" significant federal issues. This aggressive argument is without merit and misconstrues *Grable*.

Wexler's case is simply not part of the "small and special category" of cases to which *Grable* applies. Indeed, under well-established Supreme Court precedent interpreting the ADA, Wexler's claims are limited to United's "private ordering" of its relationship with its customers. Because the claims concern a private contract, they do not – indeed, they cannot – necessarily implicate federal law as an indispensable element, as required by *Grable* and its progeny. It is, therefore, not surprising that federal courts

---

[1] Capitalized terms not otherwise defined herein have the meaning set forth in Plaintiff's Cross-Motion to Remand Action to Superior Court.

1

have routinely remanded cases back to state court where the defendant claimed, as a basis for federal jurisdiction, that the ADA was implicated.

It is also notable that United eschews any discussion of the numerous cases interpreting and applying *Grable*. That is because all of those cases highlight how rarely jurisdiction based on *Grable* should be invoked, so as not to dilute the "arising under" requirement of 28 U.S.C. § 1331. This case is not one of those rare cases.

**There is no diversity jurisdiction.** The amount in controversy in this case does not meet the $75,000 threshold for diversity jurisdiction. United's arguments to the contrary improperly elevate form over substance, asking this Court and the parties to hide their heads in the sand.

For the most part, United relies on a speculative calculation of projected attorneys' fees, in order to argue that the amount in controversy here exceeds $75,000. United acknowledges that attorneys' fees should only be included in this calculation where there is a statute expressly providing for the award of such fees. Here, the DC Consumer Act is the only statute at issue that potentially provides for an award of attorneys' fees to Wexler, and both United and Wexler agree that the DC Consumer Act claim is not legally viable because it is preempted by the ADA. Thus, there is no prospect that Wexler will recover attorneys' fees under that statute and it is improper to include attorneys' fees in the amount-in-controversy calculation.

Desperate to establish federal jurisdiction, United nonetheless asks the Court to close its eyes to these facts for jurisdictional purposes. However, as the D.C. Circuit has explained, where this Court is satisfied to a certainty that plaintiff will not be able to recover a claimed amount, that amount should not be considered for jurisdictional purposes. This rule is founded in common sense and prevents parties from making a mockery of the amount-in-controversy requirement.

In addition to attorneys' fees, United throws the proverbial kitchen sink into its amount-in-controversy calculation, including a conclusory statement about the value of

injunctive relief and a baseless punitive damages figure.  These allegations about damages are insufficient to meet the jurisdictional threshold because courts have consistently held that the amount in controversy cannot be based upon guesswork or conjecture.

  **There is no jurisdiction under CAFA.**  Finally, United cannot sustain its burden of proving jurisdiction under the Class Action Fairness Act ("CAFA").  Aware that it cannot meet the burden of proof, United first seeks to avoid the burden altogether, arguing that CAFA shifted the burden to plaintiff.  That argument is without merit. Indeed, every Circuit Court of Appeals to have considered the issue has squarely rejected the precise argument advanced here by United.  Ultimately, United fails to sustain its burden with respect to CAFA jurisdiction because it does not – and cannot – offer the detailed factual proof of jurisdiction that courts interpreting CAFA have consistently required.

  For all of the reasons set forth in Wexler's cross-motion to remand and in this reply brief, this case should never have been removed to federal court and should be remanded.

## ARGUMENT

## THE ACTION SHOULD BE REMANDED TO STATE COURT

### A. United Bears the Burden of Showing That Removal Was Proper

  Removal of this case was improvident because United cannot meet its burden to show a valid basis for federal jurisdiction.  *Your Girl Friday, LLC v. MGF Holdings, Inc.*, Civil Action No. 06-0385 (ESH), 2006 U.S. Dist. LEXIS 20665, *7 (D.D.C. Apr. 18, 2006).  In its opposition, United accepts that the burden is upon it to demonstrate the "propriety of removal in this case" *id.*, with respect to its allegations of federal question and diversity jurisdiction.  However, United resists imposition of the burden with regard to its allegation of jurisdiction under CAFA, arguing from a decontextualized snippet of

legislative history that plaintiff should bear the burden of showing that removal was improvident. Courts faced with the precise argument made here by United have uniformly rejected it.

Most recently, in December 2006, in *Blockbuster, Inc. v. Galeno*, Docket No. 05-8019-cv, 2006 U.S. App. LEXIS 31757 (2d. Cir. Dec. 26, 2006), the United States Court of Appeals for the Second Circuit rejected the argument advanced here by United, ruling that, under CAFA, the burden for removal remains with the party asserting federal jurisdiction. *Id.* at \*12. In *Blockbuster*, plaintiffs commenced a putative class action in New York State Supreme Court against Blockbuster, Inc., for deceptive misrepresentations in connection with its "No Late Fee" program. Blockbuster removed the plaintiffs' case to federal court and plaintiffs sought remand to state court. The district court upheld the removal and plaintiffs appealed.

On appeal, Blockbuster argued that CAFA altered the landscape of federal jurisdiction in class actions to such an extent that it shifted the burden of proving jurisdictional facts, or lack thereof, to the plaintiffs. Specifically, Blockbuster relied on the same Senate Report relied on here by United. S. Rep. No. 109-14, at 42 (2005). In reversing the district court and rejecting Blockbuster's argument, the Second Circuit noted that the Senate Report was issued ten days *after* CAFA's enactment, suggesting that its probative value for determining legislative intent was minimal. *Blockbuster v. Galeno*, 2006 U.S. App. LEXIS at \*14-15 (*citing Abrego v. Dow Chem. Co.,* 443 F.3d 676, 683 (9th Cir. 2006)). CAFA's drafters were "well aware" of the statutory language necessary to express an intent to shift the burden of proof to the plaintiff and did not include any such language in the statute. *Id.* Given the long-standing judicial rule and supporting case law, and the blatant absence of a clear directive to alter this long-standing rule, the Court determined that CAFA did not change the traditional rule that the removing party bears the burden of establishing federal subject matter jurisdiction. *Id.* (*citing Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 448 (7th Cir. 2005) ('The

4

rule that the proponent of federal jurisdiction bears the risk on non-persuasion has been around for a long time.  To change such a rule, Congress must enact a statute with the President's signature.")).

*"[E]very circuit court that has considered this issue has reached the same conclusion." Id.* at *16; *see, e.g.*, *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1327 (11th Cir. 2006); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005); *Abrego*, 443 F.3d 676 (9th Cir. 2006).  Thus, there is no reason to expect that the D.C. Circuit will depart from the well-established rule that the removing party bears the burden of proving the propriety of removal.

As set forth in Wexler's opening brief and below, United cannot meet its burden of proving the propriety of removal in this case with regard to any of the three asserted jurisdictional grounds.

B.      United Has Not Established Federal Question Jurisdiction

United has not established any basis for the exercise of federal question jurisdiction under 28 U.S.C. § 1331.  As it must, United concedes that the Airline Deregulation Act does not completely preempt all state law causes of action.  Thus, there is no federal question jurisdiction under the doctrine of complete preemption.  *See, e.g., Kingsley v. Lania*, 221 F. Supp.2d 93, 95 (D. Mass 2002) (remanding action because ADA does not provide for complete preemption).  United also acknowledges that Wexler has not pleaded a federal question on the face of her Complaint, and thus federal question jurisdiction cannot be established under the "well-pleaded complaint rule."

Instead, in its opposition brief, United offers a new argument that is not included in its notice of removal.  Relying on *Grable & Sons Metal Prods, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005), United argues that this Court should find a basis for federal question jurisdiction because this case "implicates significant federal issues." This argument for federal question jurisdiction lacks merit.

5

As a threshold matter, this Court should not consider the argument. That is precisely what the Court did in *Kaye v. Southwest Airlines Co.*, Civil Action No. 3:05-CV-0450-D, 2005 U.S. Dist. LEXIS 18389, *8 n.4 (N.D. Texas 2005) – a case that is right on point. In *Kaye*, the district court remanded a class action that concerned an airline's failure to refund certain airline fees, ruling that the federal aviation statute which was the basis for removal did not provide for complete preemption. The Court rejected a belated argument that the case "implicate[d] significant federal issues" because such an argument was not advanced in the airline's notice of removal. *Id.*

In any event, even if this Court reaches the *Grable* issue, United's argument fails on the merits. *Grable* only permits removal of state-law claims that "necessarily raise a stated federal issue, actually disputed and substantial." *Id.* at 314. The Supreme Court has further emphasized that its decision in *Grable* only authorizes removal in a "small and special category" of cases. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 126 S.Ct. 2121, 2136 (2006)

Wexler's Complaint does not "necessarily raise a stated federal issue," and thus Grable does not supply a basis for federal question jurisdiction. *See, e.g., California v. H&R Block*, 2006 U.S. Dist. LEXIS 69472, at *11 (N.D. Cal. Sept. 18, 2006) (finding the removing party must demonstrate that resolution of the state law claims necessitates addressing of federal law); *Sung v. Wasserstein*, 415 F.Supp.2d 393, 405 (S.D.N.Y. 2006) (noting federal jurisdiction turns on "whether any claims necessarily implicate federal law as an indispensable element upon which the action stands or falls.") United cannot satisfy this indispensable prerequisite to federal jurisdiction. Courts following *Grable* have routinely granted motions to remand where a federal issue was merely an alternative basis for liability and, thus, not "necessarily raised." *See, e.g., King v. The Provident Bank*, No. 2:05-cv-961, 2006 U.S. Dist. LEXIS 17877, at *11 (M.D. Ala. Apr. 6, 2006) (remanding case because plaintiff's state law claims permitted recovery independent of any Truth in Lending Act violations); *Baker v. BDO Seidman*, 390 F.Supp.2d 919, 925

(N.D. Cal. 2005) (remanding because plaintiff's claims did not "necessarily" raise a federal issue because they were "capable of being resolved on state law bases without the interpretation of federal law").

United attempts to skim over this element by asserting that the "resolution of Wexler's claims 'implicate significant federal issues,' and 'turn on substantial questions of federal law.'"  However, it takes "more than a federal element to open the 'arising under' door," *Empire*, 126 S. Ct. at 2137; *Grable*, 545 U.S. at 314 (observing that presence of a federal issue is  not a "password opening federal courts to any state action embracing a point of federal law").  Thus, it is not "sufficient to show that a state law claim simply touches upon or implicates a federal issue, but rather determination of the federal issue ***must be necessary to resolve the claim.***"  *H&R Block Inc.,* 2006 U.S. Dist. LEXIS 69472 at *11.

In the instant case, there are no federal issues "necessarily raised" by Wexler's Complaint.  Indeed, under the Supreme Court's decision in *American Airlines v. Wolens*, 513 U.S. 219 (1995), Wexler may only assert claims that involve the "private ordering" of United's relationship with its customers.  In essence, the only issues raised by Wexler's Complaint are whether United honored its private contract with Wexler (and those similarly situated) and whether United was unjustly enriched by its failure to honor that contract.  Thus, by definition, there are no federal statutory or regulatory provisions necessarily implicated by Wexler's claims – and certainly none that raise "substantial" issues of federal law.  At best, any federal issues would arise, if at all, as defenses asserted by United.  However, under the well-pleaded complaint rule, such defenses are plainly insufficient to establish federal question jurisdiction.  *See, e.g., Kingsley v. Lania*, 221 F. Supp.2d 93, 95 (D. Mass. 2002) (ADA did not provide valid basis for federal question jurisdiction where it was asserted as a defense to action).

Significantly, we are aware of no cases in which courts have applied *Grable* to find federal question jurisdiction on the ground that the claims necessarily implicated the

ADA.  Quite to the contrary, in cases similar to this one, federal courts have routinely remanded cases back to state court in circumstances where the defendant claimed that the ADA was implicated.  *See, e.g., id.*; *Williams v. Midwest Express Airlines, Inc.*, 315 F. Supp.2d 975 (E.D. Wis. 2004) (remanding case removed by defendant based on ADA); *Skydive Factory, Inc. v. Maine Aviation Corp.*, 268 F. Supp.2d 61, 62 (D. Me. 2003) (same).

Accordingly, there is no basis for federal question jurisdiction and the case should be remanded.

## C.    United Has Not Established Diversity Jurisdiction

The $75,000 amount-in-controversy requirement is not satisfied here.  In its effort to establish diversity jurisdiction, United presses the untenable argument that its speculative calculation of Wexler's attorneys' fees to be awarded under a preempted statute should be included to determine the amount in controversy.  United's argument requires this Court to ignore both the law and the facts.

"[A]ttorney fees are generally an improper vehicle for obtaining federal diversity jurisdiction."  *Srour v. Barnes*, 670 F. Supp 18, 22 (D.C. Cir. 1987) (granting motion to dismiss based on inability to meet the requirements of the diversity statute).  However, in a footnote, the D.C. Circuit Court of Appeals recognized that there "may be instances where attorney fees are a part of the matter in controversy . . . [such as] when attorney fees are provided for *by a contract in issue or by a statute in controversy*."  Id., footnote 3 (emphasis supplied).  Neither circumstance exists in this case.

In light of the Supreme Court's decision in *Wolens*, Wexler and United agree with legal certainty that the DC Consumer Act claim – the only claim that provided for a statutory award of attorneys' fees – is preempted by the ADA.  Thus, the DC Consumer

Act is not "in controversy" and this Court's general proscription on the use of attorneys'
fees to establish federal diversity jurisdiction stands.

United asserts that it appropriately relied on Wexler's good faith assertion in her
complaint that the DC Consumer Act applied.  However, because Wexler has conceded
that the claim is not viable, United's argument elevates form over substance and ignores
common sense.  The D.C. Circuit Court of Appeals, following the mandate of the United
States Supreme Court, has previously held that when it is apparent that "the plaintiff
cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like
certainty that the plaintiff never was entitled to recover that amount, and that his claim
was therefore colorable for the purpose of conferring jurisdiction, the suit will be
dismissed."  *Watkins v. Pepco Energy Services, Inc*., 2005 U.S. Dist. Lexis 16930 (D.C.
Cir. 2005) (holding claims alleged by plaintiff cannot exceed $75,000 and granting
motion to dismiss for lack of subject matter jurisdiction).  Since Wexler's claim for
attorneys' fees was predicated upon a violation of a statute that is inapplicable, those fees
should not be considered in the determination of whether diversity jurisdiction lies.
United therefore cannot meet the amount in controversy requirement for diversity
jurisdiction and the case should be remanded.

The cases relied on by United in support of its argument for the inclusion of
attorneys' fees are all easily distinguishable.  United string cites a 1933 Supreme Court
case, a case from the Eastern District of Kentucky and two slip opinions.  (Memo in
Opposition, p. 6-7.)  Unlike the instant case, all of the cases relied on by United involve
the valid application of state statutes that allowed a party to collect attorney fees.  None

of the cases cited by United involved application of a statute that both sides agreed was inapplicable.

Moreover, even if attorneys' fees could properly be included in the calculation – which they cannot – United's projections are sheer speculation. *Your Girl Friday*, 2006 U.S. Dist. LEXIS 20665, at *7 ("conjecture regarding the possible amount of fees is inadequate to support an assertion of diversity jurisdiction"). Here, United simply assumes that the principal of the Nat Polito Law Offices, and two partners and one associate from Morgenstern Jacobs & Blue, LLC, will all devote significant time to this case. United takes what is assumes to be their hourly rates and multiplies that rate by an arbitrary, unsubstantiated number of projected hours. This cannot be a basis for calculating the amount in controversy for diversity purposes. Particularly where, as here, all doubts must be resolved against a finding that removal was proper. *Id.*

With regard to the value of injunctive relief, United argues that the issue may be considered from either the perspective of the plaintiff or the defendant. In support of this argument, United relies chiefly on *Comm. For GI Rights v. Callaway*, 518 F.2d 466, 472-73 (D.C. Cir. 1975). That case is easily distinguishable. *Callaway* involved the fundamental civil rights of military personnel, who sought a dramatic overhaul of the United States military's drug abuse prevention program, including mandating additional administrative hearings. Plainly, a fundamental change in the military's massive bureaucracy is an extremely expensive proposition with a value far in excess of $10,000 – the then applicable amount in controversy requirement. Here, the requested injunctive relief likely requires no more than a change to United's internet website. Moreover, in *Callaway*, the court was influenced by the fact that the case involved fundamental civil

rights; in contrast, this is a straightforward consumer contract case. Equally significant, *Callaway* was not a removal case. Thus, the issue was not evaluated under the strict requirements that apply to court review of the propriety of removal.

Finally, United's notice of removal does not provide any detail whatsoever to substantiate its bald assertion that the injunctive relief will "certainly" exceed $75,000. Since all doubts must be resolved against a finding of federal jurisdiction, United's speculation cannot be the basis for a finding of federal jurisdiction.

With regard to the inclusion of punitive damages, United makes no effort to distinguish *Hohn v. Volkswagen*, 837 F. Supp. 943, 945 (C.D. Ill. 1993), which declined to exercise removal jurisdiction where the claim for punitive damages is unquantified. *Hohn* was cited approvingly by the D.C. District Court in the *Your Girl Friday* decision. Again, in a failed attempt to manufacture diversity jurisdiction, United claims without support that the maximum punitive damages would be ten times actual damages, and then uses this unsubstantiated multiplier in its damage calculation. There is no factual support for this alchemy, and the burden is on United to provide such factual support.

**D.    United Has Not Established Jurisdiction Under CAFA**

As already explained above, United – not Wexler – bears the burden of proving federal jurisdiction under CAFA. In this respect, CAFA jurisdiction is no different from federal question or diversity jurisdiction. See, e.g., *Blockbuster, Inc. v. Galeno*, 2006 U.S. App. LEXIS 31757 (2d. Cir. Dec. 26, 2006).

CAFA provides that federal courts have "original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there is minimal diversity (at least one plaintiff and one defendant are from different states)." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1327 (11th Cir. 2006). United erroneously argues that federal

jurisdiction is proper under CAFA because the "undisputed calculations" set forth in the Notice of Removal properly exceed the $5,000,00 amount in controversy.

United's calculations are most certainly disputed. They suffer from all of the same frailties identified above with respect to United's failed attempt to establish the amount in controversy for diversity jurisdiction purposes. As already explained above, United improperly includes attorneys' fees as well as conclusory and speculative allegations with regard to the value of injunctive relief and punitive damages.

United's showing under CAFA is a far cry from the detailed factual showing that courts applying CAFA have required. Indeed, United makes no effort to distinguish the *Miedema* case, which exemplifies the rigor that courts have required of removing parties under CAFA. *See Miedema v. Maytag Corp.*, 450 F.3d 1322 (11th Cir. 2006). In *Miedema*, which involved consumer claims arising out of the sale of defective oven ranges, the court looked skeptically at a detailed affidavit submitted by the removing party in an effort to establish an amount in controversy in excess of $5,000,000. The affidavit at issue in *Miedema* sought to identify the precise number of ovens at issue and assign a precise dollar figure to plaintiff's potential damages. Taking seriously the admonition that doubts about removal jurisdiction are to be resolved in favor of remand, the Eleventh Circuit held that the case had been properly remanded back to state court because of questions about the quality of the proof set forth in the affidavit.

Similarly, in *Ongstad v. Piper Jaffray & Co.*, 407 F. Supp.2d 1085, 1090 (N.D. 2006), the district court questioned an affidavit submitted by the removing party and remanded the case, because defendant failed to prove CAFA's $5,000,000 amount in controversy by a preponderance of the evidence. Notably, the court did *not* include attorneys' fees or punitive damages in its calculation, even though such damages were alleged in the complaint, because "the likelihood of such an award at this stage is speculative at best." *Id.* at 1092. *See also Yeroushalmi v. Blockbuster, Inc.*, No. CV 05-

12

225-AHM (RCX), 2005 WL 2083008, *2 (C.D. Cal. July 11, 2005) (case remanded; attorneys' fees not included in CAFA amount in controversy calculation).

Here, even though all of the relevant knowledge is uniquely within United's control, United has failed to submit any affidavits or make any detailed showing in support of its conclusory assertion that the amount in controversy for the class is in excess of $5,000,000. Accordingly, there is an insufficient basis for jurisdiction under CAFA and the case should be remanded to the Superior Court. *See also Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (remanding case to state court because defendant did not prove amount in controversy under CAFA by a preponderance of the evidence).

## CONCLUSION

For the reasons set forth herein, Wexler respectfully requests that this Court enter an order remanding this case to the D.C. Superior Court and awarding such other relief as the Court deems just and proper.

Dated: January 9, 2007

LAW OFFICES OF NAT N. POLITO, PC


By:___/s/ Nat N. Polito_____
      Nat. N. Polito (453365)
      1776 K Street, NW, Suite 200
      Washington, DC 20006-2333
      (202) 463-0110

MORGENSTERN JACOBS & BLUE, LLC
Eric B. Fisher (*Pro Hac Vice*)
Laura J. Lefkowitz (*Pro Hac Vice*)
885 Third Avenue
New York, New York 10022
(212) 750-6776
*Of Counsel*

2005 U.S. Dist. LEXIS 18389, *

LEXSEE 2005 U.S. DIST LEXIS 18389



Positive
As of: Jan 09, 2007

**JODI KAYE, on Behalf of Herself and All Others Similarly Situated, Plaintiff, VS. SOUTHWEST AIRLINES CO., Defendant.**

**Civil Action No. 3:05-CV-0450-D**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION**

*2005 U.S. Dist. LEXIS 18389*

**August 29, 2005, Decided**
**August 29, 2005, Filed**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff customer filed a putative class action against defendant airline, alleging claims for breach of contract and unjust enrichment. The airline removed the case to federal court pursuant to 28 U.S.C.S. § § 1331 or 1442. The customer moved to remand and for costs under 28 U.S.C.S. § 1447(c).

**OVERVIEW:** The customer purchased a ticket for air travel but did not use it before it expired. The customer alleged that the airline had a duty to refund the 49 U.S.C.S. § 40117 passenger facility charge (PFC) and the 49 U.S.C.S. § 44940 security fee that she paid when she purchased the ticket. The airline argued that the court had federal question jurisdiction under 28 U.S.C.S. § 1331 because the claims were completely preempted and that removal was proper under 28 U.S.C.S. § 1442, the federal officer removal statute because it was acting as an agent of the federal government in collecting and remitting the PFC and security fee to the government. The court determined that removal was inappropriate. 49 U.S.C.S. § 44940 did not completely preempt the customer's claims because § 44940(g) and its implementing regulations did not create a private right of action or establish a procedural mechanism for passengers to obtain refunds of security fees associated with an expired airline ticket. The airline did not establish the detailed control necessary for a private entity to avail itself of removal under 28 U.S.C.S. § 1442(a)(1) based upon the statutes requiring it to collect and remit the fees.

**OUTCOME:** The court granted the customer's motion to remand, remanded the case to state court, and allowed the customer to apply for a fee award.

**LexisNexis(R) Headnotes**

*Civil Procedure > Removal > Basis > General Overview*
*Evidence > Procedural Considerations > Burdens of Proof > General Overview*
[HN1] Where the defendant removes the action from state court, it has the burden of overcoming an initial presumption against jurisdiction and establishing that removal is proper. Doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Federal Questions > Well-Pleaded Complaint Rule*
*Civil Procedure > Removal > Basis > Federal Questions*
[HN2] Ordinarily, the well pleaded complaint rule governs federal question jurisdiction. Under the rule, removal is not possible unless the plaintiff's "well pleaded complaint" raises issues of federal law sufficient to support federal question jurisdiction.

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Federal Questions > Well-Pleaded Complaint Rule*
*Civil Procedure > Removal > Basis > Federal Questions*
*Constitutional Law > Supremacy Clause > General Overview*
[HN3] Complete preemption is an exception to the well pleaded complaint rule and gives rise to removal jurisdiction even though the federal question is not apparent from an examination of the complaint. Complete preemption is a narrow exception. To establish complete preemption, the defendant must show that (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a clear Congressional intent that claims brought under the federal law be removable. Few federal statutes can meet such an exacting standard.

*Transportation Law > Air Transportation > Maintenance & Safety*
*Transportation Law > Air Transportation > Prices, Routes & Services*
[HN4] See 49 U.S.C.S. § 44940(g).

*Administrative Law > Judicial Review > Reviewability > Jurisdiction & Venue*
*Civil Procedure > Venue > General Overview*
*Transportation Law > Air Transportation > Maintenance & Safety*
[HN5] See 49 U.S.C.S. § 46110(a), (c).

*Governments > Legislation > Statutory Remedies & Rights*
*Transportation Law > Air Transportation > Maintenance & Safety*
*Transportation Law > Air Transportation > Prices, Routes & Services*
[HN6] 49 U.S.C.S. § 44940(g) merely authorizes the Under Secretary to refund fees that are mistakenly paid or are paid in excess of what is required, as evidenced by the permissive language the statute employs. 49 U.S.C.S. § 44940(g). The Under Secretary may refund any fee paid by mistake or any amount paid in excess of that required. Section 44940(g) is not a civil enforcement provision that creates a cause of action. Nor do its implementing regulations create a cause of action or establish a procedural mechanism for passengers to obtain refunds of Security Fees associated with an expired airline ticket. 49 C.F.R. pt. 1510 (2004).

*Governments > Legislation > Interpretation*
*Governments > Legislation > Statutory Remedies & Rights*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Federal Jurisdiction & Removal*
[HN7] Statutes that expressly create a cause of action contain language that clearly evinces Congressional intent to do so.

*Governments > Legislation > Statutory Remedies & Rights*
*Transportation Law > Air Transportation > Maintenance & Safety*
*Transportation Law > Air Transportation > Prices, Routes & Services*
[HN8] 49 U.S.C.S. § 44940(g) does not create a private right of action.

*Civil Procedure > Removal > Basis > General Overview*
*Civil Procedure > Removal > Elements > Federal Venue*
[HN9] See 28 U.S.C.S. § 1442(a).

*Civil Procedure > Removal > Basis > Cases Involving Federal Officers*
*Governments > Federal Government > Claims By & Against*
*Governments > Federal Government > Employees & Officials*
[HN10] Regarding the Fifth Circuit's three-part test for determining whether federal officer removal jurisdiction exists, to avail itself of removal under this standard, the defendant must show that (1) it is a "person," (2) it acted under color of federal authority when committing the acts that allegedly caused the plaintiff's injury, and (3) it has asserted a colorable federal defense.

*Governments > Federal Government > Employees & Officials*
*Transportation Law > Air Transportation > Maintenance & Safety*
*Transportation Law > Air Transportation > Prices, Routes & Services*
[HN11] The relevant statutes require airlines to collect the passenger facility charge and the September 11th security fee. 49 U.S.C.S. § § 40117(i)(2)(A), 44940(e)(2). They do not expressly permit delegation to

2005 U.S. Dist. LEXIS 18389, *

the airlines the duty of a federal official to collect the fees.

*Civil Procedure > Removal > Basis > Cases Involving Federal Officers*
*Governments > Federal Government > Claims By & Against*
*Governments > Federal Government > Employees & Officials*
[HN12] The relevant inquiry is not merely whether the defendant is being sued over conduct that is prescribed by federal law. Indeed, federal law is ubiquitous and compels a wide range of conduct by individuals, corporations, and other "persons"; a federal court does not have removal jurisdiction over a lawsuit under 28 U.S.C.S. § 1442(a)(1) merely because the private defendant is sued for conduct that federal law mandates.

*Civil Procedure > Removal > Basis > General Overview*
*Governments > Federal Government > Claims By & Against*
*Governments > Federal Government > Employees & Officials*
[HN13] The second factor necessary for 28 U.S.C.S. § 1442 removal is a finding that the defendant acted pursuant to a federal officer's directions and that a causal nexus exists between the defendant's actions under color of federal office and the plaintiff's claims. To show the requisite federal direction requires that the defendant demonstrate that a federal officer has direct and detailed control over it.

*Transportation Law > Air Transportation > Maintenance & Safety*
*Transportation Law > Air Transportation > Prices, Routes & Services*
[HN14] The regulations and statutes require that an airline establish and maintain a financial management system to account for the fees collected and remitted, submit reports on a quarterly basis, and provide for audits of their handling of the fees. *14 C.F.R. §§ 158.49, 158.65 (2004); 49 C.F.R. §§ 1510.15, 1510.17 (2004).* There is also a statute that provides for civil penalties for the airline's violation of its duty under 49 U.S.C.S. § 44940. 49 U.S.C.S. § 46301(a)(1)(A).

*Civil Procedure > Removal > Basis > General Overview*
[HN15] In the context of 28 U.S.C.S. § 1442, a significant amount of government control and supervision is necessary to establish that a private entity acts under the color of federal authority.

**COUNSEL:** [*1] For Jodi Kaye, On Behalf of Herself And All Others Similarly Situated, Plaintiff: Martha Hardwick Hofmeister, Derek D Rollins, Shackelford Melton & McKinley, Dallas, TX; Frank J Janecek, Jr, Lerach Coughlin Stoia Geller, San Diego, CA; Jack Landskroner, Landskroner-Grieco-Madden Ltd, Cleveland, OH; John P Pierce, Pierce Law Group, Bethesda, MD; Susan G Taylor, Lerach Coughlin Stoia Geller, San Diego, CA.

For Southwest Airlines Co, Defendant: Robert C Walters, Aron L Gregg, Vinson & Elkins -- Dallas, Dallas, TX.

**JUDGES:** SIDNEY A. FITZWATER, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** SIDNEY A. FITZWATER

**OPINION:**

MEMORANDUM OPINION AND ORDER

The instant motion to remand presents the questions whether this case is removable based on complete preemption or on the ground that defendant was acting as an officer of the United States. Concluding that the case is not removable on either basis, the court grants plaintiff's motion to remand.

I

Plaintiff Jodi Kaye ("Kaye") filed this putative class action in Texas state court against defendant Southwest Airlines Co. ("Southwest") alleging claims for breach of contract and unjust enrichment arising from Southwest's failure to refund a Passenger Facility [*2] Charge ("PFC") and September 11th Security Fee ("Security Fee") that she paid when she purchased a ticket for air travel on Southwest. Included in the ticket price was the PFC authorized by *49 U.S.C. § 40117* and the Security Fee mandated by *49 U.S.C. § 44940*. The terms of the contract of carriage specified that the fare was non-refundable and would be forfeited if the ticket was not used according to its terms or applied to other travel on the airline within one year. Kaye did not use the ticket or apply it to other travel within one year, thereby forfeiting the fare she paid. Kaye alleges, however, that the PFC and Security Fee were not part of the fare. She contends that Southwest was not required to remit the fees to the federal government until the ticket was used. Kaye avers that, because she did not use her ticket and, in her view, Southwest's duty to remit the fees to the government had not matured, Southwest breached its contract and was unjustly enriched by failing to refund the PFC and Security Fee when the ticket expired.

Southwest removed the case, asserting that this court has federal question jurisdiction under *28 U.S.C. § 1331* [*3] because Kaye's claims are completely preempted by federal law. It also alleges that removal is proper under *28 U.S.C. § 1442*, the federal officer removal statute, because it was acting as an agent of the federal government in collecting and remitting the PFC and Security Fee to the government. Kaye moves to remand.

II

[HN1] Because Southwest removed this action from state court, it has the burden of overcoming an initial presumption against jurisdiction and establishing that removal is proper. *See Howery v. Allstate Ins. Co., 243 F.3d 912, 916. (5th Cir. 2001).* "Doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000)* (citation omitted).

III

The court first considers whether Southwest has demonstrated that Kaye's claims are completely preempted by the Aviation and Transportation Security Act ("ATSA"), *49 U.S.C. § 44940*.

[HN2] "Ordinarily, the well pleaded complaint rule governs federal question jurisdiction. Under the rule, removal is not possible unless the plaintiff's "well pleaded complaint" raises [*4] issues of federal law sufficient to support federal question jurisdiction.'" *Ervin v. Stagecoach Moving & Storage, Inc.*, 2004 U.S. Dist. LEXIS 10403, 2004 WL 1253401, at *2 (N.D. Tex. June 8, 2004) (Fitzwater, J.) (quoting *Rodriguez v. Pacificare of Tex., Inc., 980 F.2d 1014, 1017 (5th Cir. 1993))*. [HN3] Complete preemption, however, is an exception to the well pleaded complaint rule and gives rise to removal jurisdiction even though the federal question is not apparent from an examination of the complaint. *See Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 336-37 (5th Cir. 1999).*

Complete preemption is a narrow exception. . . . To establish complete preemption, [Southwest] must show that (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a clear Congressional intent that claims brought under the federal law be removable. Few federal statutes can meet such an exacting standard.

*Johnson v. Baylor Univ., 214 F.3d 630, 632 (5th Cir. 2000)* [*5] (citations, quotation marks, and some brackets omitted).

Southwest points to *49 U.S.C. §§ 44940(g)* n1 and *46110* n2 as acting in combination to completely preempt Kaye's claims. According to Southwest, *§ 44940(g)* satisfies the first element of complete preemption because it provides a civil enforcement mechanism for passengers seeking a refund of the Security Fee. Southwest asserts that *§ 46110* satisfies the second and third elements because it authorizes judicial review of an order of the Under Secretary of Transportation for Security ("Under Secretary") and provides that federal courts of appeals have exclusive jurisdiction over such reviews.

n1 *Section 44940(g)* provides:

[HN4] Refunds. -- The Under Secretary may refund any fee paid by mistake or any amount paid in excess of that required.

n2 *Section 46110* provides, in relevant part:

[HN5] (a) Filing and venue. -- . . . [A] person disclosing a substantial interest in an order issued by the . . . Under Secretary of Transportation for Security with respect to security duties and powers designated to be carried out by the Under Secretary . . . may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business. The petition must be filed not later than 60 days after the order is issued. The court may allow the petition to be filed after the 60th day only if there are reasonable grounds for not filing by the 60th day.

* * *

(c) Authority of court. -- When the petition is sent to the . . . Under Secretary . . ., the court has exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order and may order the . . . Under Secretary . . . to conduct further proceedings.

[*6]

Southwest's contention is unavailing because it reads into § 44940(g) a cause of action that Congress did not confer. [HN6] *Section 44940(g)* merely authorizes the Under Secretary to refund fees that are mistakenly paid or are paid in excess of what is required, as evidenced by the permissive language the statute employs. *See 49 U.S.C. § 44940(g)* ("The Under Secretary *may* refund any fee paid by mistake or any amount paid in excess of that required." (emphasis added)); *see also, e.g., Okla. Press Publ'g Co. v. Walling, 327 U.S. 186, 217 n.57, 90 L. Ed. 614, 66 S. Ct. 494 (1946)* (noting that "may" is discretionary term). Contrary to Southwest's argument, *§ 44940(g)* is not a civil enforcement provision that creates a cause of action. Nor do its implementing regulations create a cause of action or establish a procedural mechanism for passengers to obtain refunds of Security Fees associated with an expired airline ticket. *See* 49 C.F.R. pt. 1510 (2004).

The fact that *§ 44940(g)* does not create a cause of action is evidenced with even greater clarity when the statute is contrasted with statutes that do expressly create a private right of action. n3 For example, the Employee [*7] Retirement Income Security Act of 1974 ("ERISA"), which often serves as a basis for removal based on complete preemption, contains a proviso that creates a cause of action. *See 29 U.S.C. § 1132. Section 1132* expressly provides that "[a] civil action may be brought [.]" ERISA also contains provisions that detail who may bring an action and the conduct that may be the basis of an action, and it provides for jurisdiction in the federal court. *See id.* Although the court does not suggest that the level of detail that ERISA contains is required of every statute that creates a private right of action, [HN7] statutes that expressly create a cause of action contain language that clearly evinces Congressional intent to do so. *See, e.g., 18 U.S.C. § 2255(a)* (Protection of Children from Sexual Predators Act of 1998) ("Any minor who is a victim of a violation of [specified statutes] . . . may sue in any appropriate United States District Court [.]"); *49 U.S.C. § 14706(d)(1)* (Carmack Amendment) ("A civil action under this section may be brought. . . ."). When the language of *§ 44940(g)* is scrutinized in relation [*8] to these statutes, it becomes indubitable that

[HN8] *§ 44940(g)* does not create a private right of action.

n3 Southwest does not argue that the cause of action it asserts is contained in *§ 44940(g)* is an implied cause of action.

Because Southwest has not shown that *§ 44940* provides a civil enforcement provision, it has failed to demonstrate that it creates a cause of action that both replaces and protects the area of state law under which Kaye proceeds. *See Johnson, 214 F.3d at 632* (noting that first element of complete preemption requires showing that federal law "contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law"). Accordingly, Southwest cannot satisfy the first element of the three-part complete preemption test, and it has failed to establish that this case is removable on the basis that the ATSA completely preempts Kaye's claims. n4

n4 In a July 26, 2005 submission, Southwest cites the Supreme Court's recent decision in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, U.S. , 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005). Grable & Sons* is inapposite because it does not involve complete preemption. Instead, it is concerned with federal question jurisdiction where asserted state-law claims implicate significant federal issues. See *id. at 2366-67.* Southwest's argument for removal under *§ 1331* is based on complete preemption. In neither its notice of removal nor its response to the motion to remand does it articulate any other ground, including that plaintiff's claims implicate significant federal issues, that is sufficient to require the court's consideration or to support removal.

[*9]

IV

The court considers next whether the case is removable under *28 U.S.C. § 1442(a)(1),* n5 the federal officer removal provision.

n5 *Section 1442(a)* provides, in relevant part:

[HN9] A civil action or criminal prosecution commenced in a State court against any of the following

may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Southwest urges application of [HN10] the Fifth Circuit's three-part test for determining whether federal officer removal jurisdiction exists. To avail itself of removal under this standard, [*10] Southwest must show that (1) it is a "person," (2) it "acted under color of federal authority" when committing the acts that allegedly caused Kaye's injury, and (3) it has asserted a colorable federal defense. *See Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 397 (5th Cir. 1998).* Kaye concedes that the first element is satisfied. *See* P. Br. at 7 n.2.

Southwest contends that it was acting under color of a federal office when it collected and remitted PFCs and Security Fees. It points to cases in which private entities were permitted to remove cases under *§ 1442* because they were government contractors, were fiscal intermediaries under the Medicare program, or operated in an exceedingly complex regulatory environment. Southwest analogizes to these contexts and argues that it likewise "is being sued . . . over conduct that is prescribed by federal law." D. Br. at 11. n6

n6 Southwest cites *Connor v. Matthews, 134 F.Supp.2d 797 (N.D. Tex. 2001)* (Kendall, J.), as being among the cases that it considers analogous to the instant suit. *Connor,* however, is clearly inapposite. In *Connor* Judge Kendall was not required to determine whether a private entity acted under the direction of a federal officer; the defendant *was a* federal officer -- an Internal Revenue. Service agent -- who was sued by a tax protestor for actions undertaken to collect a tax.

Additionally, *AIG Europe (UK) Ltd. v. McDonnell Douglas Corp., 2003 U.S. Dist. LEXIS 1770, 2003 WL 257702 (C.D. Cal. Jan. 28, 2003),* which Southwest cites, is also distinguishable. In *AIG Europe* the private defendant exercised authority granted by statute to the Administrator of the Federal Aviation Administration ("FAA") but delegated to the private defendant, as authorized by the same statute. *See 2003 U.S. Dist. LEXIS 1770, .* The relevant statute expressly authorized the FAA Administrator to delegate to a qualified private person or employee under that person's supervision matters related to issuing certificates, and the Administrator had designated the defendants to serve as FAA representatives by certifying planes according to specifications. There has been no similar delegation in this case. [HN11] The relevant statutes require airlines to collect the PFC and Security Fee. See *49 U.S.C. § § 40117(i)(2)(A), 44940(e)(2).* They do not expressly permit delegation to the airlines the duty of a federal official to collect the fees.

[*11]

As a threshold matter, the court rejects Southwest's argument that it may remove the case because it is being sued for taking action required by federal law. Such an argument views federal officer removal too simplistically. [HN12] The relevant inquiry is not merely whether Southwest is being sued over conduct that is prescribed by federal law. Indeed, federal law is ubiquitous and compels a wide range of conduct by individuals, corporations, and other "persons"; a federal court does not have removal jurisdiction over a lawsuit under *§ 1442 (a) (1)* merely because the private defendant is sued for conduct that federal law mandates.

[HN13] "The second factor necessary for *§ 1442* removal is a finding that the defendant [] acted pursuant to a federal officer's directions and that a causal nexus exists between the defendant['s] actions under color of federal office and the plaintiff's claims." *Winters, 149 F.3d at 398* (citing *Willingham v. Morgan, 395 U.S. 402, 409, 23 L. Ed. 2d 396, 89 S. Ct. 1813 (1969)).* To show the requisite federal direction requires that Southwest demonstrate that a federal officer has direct and detailed control over it. *See 16 Moore's Federal Practice § 107.15* [*12] *[1] [b] [ii]* (3d ed. 2005); *see also Winters, 149 F.3d at 399-400.* Southwest asserts that it is subject to the "strict control" necessary to satisfy this element of federal officer removal.

Southwest's argument that the government monitors and dictates "every aspect of Southwest's conduct related to PFCs and Security Fees" is based on regulations that require the airline to keep detailed records and to file

periodic reports concerning the fees, authorizing the government to audit the airline's records related, to the fees, and subjecting the airline to civil penalties or other enforcement actions for failure to comply with the regulations. [HN14] The regulations and statutes that Southwest cites do require that. it establish and maintain a financial management system to account for the fees collected and remitted, submit reports on a quarterly basis, and provide for audits of their handling of the fees. *See* 14 C.F.R. § § 158.49, 158.65 (2004); 49 C.F.R. § § 1510.15, 1510.17 (2004). There is also a statute that provides for civil penalties for Southwest's violation [*13] of its duty under *49 U.S.C. § 44940. See 49 U.S.C. § 46301(a)(1)(A).*

The provisions Southwest cites do not, however, give rise to the requisite degree of control necessary to conclude that Southwest acted under the direction of a federal officer. Although they demonstrate that Southwest was compelled to take certain actions concerning handling the fees, Southwest has not established the *detailed* control necessary for a private entity to avail itself of removal under *§ 1442(a)(1). See Brown v. Delta Air Lines, Inc., 2004 U.S. Dist. LEXIS 28508, No. CIV-03-871-L, slip op. at 11 (W.D. Okla. Oct. 8, 2004)* (holding on similar facts that airlines' actions were not subject to the detailed control required for federal officer removal).

*Winters* -- which involved a company's manufacture of the toxic chemical product Agent Orange -- illustrates the necessary degree of government control. In *Winters* a company was compelled to deliver the product Agent Orange under threat of criminal sanction. The government dictated the specific composition of the product, controlled the manner in which the product was labeled and shipped, and maintained ongoing [*14] supervision of the product's manufacture, packaging, and delivery. *See Winters, 149 F.3d at 398-400; see also Miller v. Diamond Shamrock Co., 275 F.3d 414, 418 (5th Cir. 2001)* (noting that *Winters'* holding that producer acted under color of federal authority was based on "government's strict control over the development and subsequent production of Agent Orange.'" (quoting *Winters, 149 F.3d at 399*)). Other cases demonstrate that [HN15] a significant amount of government control and supervision is necessary to establish that a private entity acts under the color of federal authority. *See, e.g., Teague v. Bell Helicopter Servs., Inc., 2003 U.S. Dist. LEXIS 2088, 2003 WL 21135481, at *1-- *4 (N.D. Tex. Feb. 12, 2003)* (McBryde, J.) (holding sufficient control existed where evidence indicated government exercised intimate control over every aspect of design and manufacture of helicopter); *Reed v. Fina Oil & Chem. Co., 995 F. Supp. 705, 710-12 (E.D. Tex. 1998)* (holding requirement satisfied where defendant produced evidence that "almost

every aspect of the actual operation of the plant was supervised or dictated by the federal government"). [*15]

Southwest has failed to demonstrate a level of detailed control comparable to *Winters* and similar cases involving government contractors. It has established nothing more than that federal statutes and regulations require it to collect and remit the fees, account for them, submit quarterly reports, and make its books available for audits. This showing does not sufficiently demonstrate the government's direct and intimate control and supervision over its activities.

The court also finds unpersuasive Southwest's invocation of cases in which courts have concluded that fiscal intermediaries who implemented Medicare programs acted under color of federal office. Southwest has not shown that its conduct related to the Security Fees is closely akin to a private fiscal intermediary that implements a Medicare program. The Medicare cases are premised on the close relationship between the government and the fiscal intermediary and the degree of detailed control exercised. *See Bakalis v. Crossland Sav. Bank, 781 F. Supp. 140, 145 (E.D.N.Y. 1991)* ("[Group Health Inc. v. Blue Cross Ass'n, 587 F. Supp. 887 (S.D.N.Y. 1984)] . . . allows private corporations [*16] to remove only when the corporation is so intimately involved with government functions as to occupy essentially the position of an employee of the government."). As discussed above, Southwest has not established that the government exercises the degree of detailed control that is required for Southwest to be deemed to act at the direction of a federal official.

Southwest's reliance on *Gurda Farms, Inc. v. Monroe County Legal Assistance Corp., 358 F. Supp. 841 (S.D.N.Y. 1973)*, is also misplaced. *Gurda Farms* was also decided on the basis of the degree of control exercised by the government over the defendant private organization. The organization was subject to "exceedingly complex regulations, guidelines, and evaluation schemes," *id. at 844*, that are not comparable to the regulations that control Southwest's duties with regard to the Security Fees. n7

n7 *Dixon v. Georgia Indigent Legal Services, Inc., 388 F. Supp. 1156 (S.D. Ga. 1974)*, is distinguishable for the same reasons. *See Little v. Purdue Pharma, L.P., 227 F.Supp.2d 838, 862 (S.D. Ohio 2002)* (characterizing *Dixon* as "carbon copy" of *Gurda Farms*); *Dixon, 388 F. Supp. at 1161* (calling *Gurda Farms* "a nearly perfect fit of a precedent").

[*17]

2005 U.S. Dist. LEXIS 18389, *

Accordingly, the court concludes that Southwest has failed to demonstrate that this case is removable under *§ 1442(a)(1)*. n8

n8 Because the court concludes that it lacks subject matter jurisdiction, it will not consider Southwest's pending *Fed. R. Civ. P. 12(c)* motion.

V

Kaye moves under *28 U.S.C. § 1447(c)* for her costs incurred as a result of improper removal. Southwest does not state any grounds for opposing this request. Kaye is entitled to recover from Southwest her just costs, and any actual expenses, including attorney's fees, limited to the "fees and costs incurred in federal court that would not

have been incurred had the case remained in state court," *Avitts v. Amoco Prod. Co., 111 F.3d 30, 32 (5th Cir. 1997)*. If the parties cannot agree concerning the amount Kaye is entitled to recover, she may apply to the court for such an award no later than 30 days from the date this memorandum opinion and order is filed.

Kaye's [*18]   April 4, 2005 motion to remand is granted. The court holds that it lacks subject matter jurisdiction and, pursuant to *28 U.S.C. § 1447(c)*, remands this case to the 68th Judicial District Court, Dallas County, Texas. The clerk shall effect the remand according to the usual procedure.

**SO ORDERED**.

August 29, 2005.

SIDNEY A. FITZWATER

UNITED STATES DISTRICT JUDGE