UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
SARA WEXLER, on behalf of    )
herself, and all others      )
similarly situated,          )
                             )
          Plaintiff,         )
                             )
     v.                      )    Civil Action No. 06-01917 (GK)
                             )
UNITED AIR LINES, INC.,      )
et al.,                      )
                             )
          Defendants.        )
_____)
```

**MEMORANDUM OPINION**

This is a putative class action, brought by Plaintiff Sara Wexler, on behalf of herself and all others similarly situated, against Defendants United Air Lines, Inc. and UAL Corporation (collectively "UAL").[1] Wexler alleges that UAL's conduct violated the District of Columbia Consumer Protection Procedures Act ("DCCPPA"), D.C. Code § 28-3905 (2006), and constituted fraud, negligence, breach of contract, and unjust enrichment.

Plaintiff originally brought this action in the Superior Court for the District of Columbia. UAL removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, alleging three independent bases of federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331; (2) diversity jurisdiction

---

[1] The purported class consists of all persons who purchased round trip flights from UAL during the three year period from October 19, 2003 to October 20, 2006, missed the initial leg of their itinerary, and had the remainder of their itinerary cancelled. Compl. ¶ 9.

under 28 U.S.C. § 1332(a); and (3) diversity jurisdiction under the 2005 Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

This matter is before the Court on Plaintiff's Motion to Remand **[Dkt. No. 12]**, pursuant to 28 U.S.C. § 1447(c), and UAL's Motion to Dismiss for Failure to State a Claim, pursuant to Fed. R. Civ. P. 12(b)(6) **[Dkt. No. 4]**. Upon consideration of the Motions, Oppositions, and Replies, and the entire record herein, and for the reasons stated below, Plaintiff's Motion to Remand is **granted**, and UAL's Motion to Dismiss is **denied as moot**.

## I. BACKGROUND

On June 19, 2006, Wexler[2] purchased a non-refundable, round trip fare from UAL.[3] She was to depart from Washington, D.C. and arrive in Chicago on July 21, and return to Washington on July 23. Wexler found alternate transport to Chicago, so she declined to use the first leg of her itinerary, without informing UAL. UAL then cancelled the remainder of Wexler's itinerary.

On July 23, Wexler attempted to use her ticket for the return leg from Chicago to Washington, D.C. At the airport, the ticketing agent informed Wexler that her reservation had been cancelled under UAL's policy. The only seats remaining on the flight were in first class. One hour prior to scheduled departure and unaware of the

---

[2] Wexler is a citizen of the District of Columbia.

[3] United Airlines, Inc. and UAL Corp. are both Delaware corporations with their principal place of business in Illinois.

availability of seats on other airlines, Wexler paid $917 for a first class ticket and returned to Washington.

**II. LEGAL STANDARD**

Removal is appropriate only when the case might have originally been brought in federal court. 28 U.S.C. § 1441(a); see Caterpiller, Inc. v. Williams, 482 U.S. 386, 392 (1987). The removing party bears the burden of showing that federal subject matter jurisdiction exists. See Your Girl Friday, LLC v. MGF Holdings, Inc., No. 06-0385, 2006 U.S. Dist. LEXIS 20665, at *7 (D.D.C. Apr. 18, 2006). Any ambiguities regarding the existence of removal jurisdiction must be resolved in favor of remand. Id.; Nwachukwu v. Karl, 223 F. Supp. 2d 60, 66 (D.D.C. 2002).

UAL argues, relying on legislative history, that CAFA shifts the burden away from the removing party and onto the plaintiff. No circuit has accepted the burden-shifting argument. Morgan v. Gay, 471 F.3d 469, 473 (3d Cir. 2006). This Court agrees with the five courts of appeals that have held that the burden remains on the removing party to establish CAFA jurisdiction. See id.; DiTolla v. Doral Dental IPA of N.Y., LLC, 469 F.3d 271, 275 (2d Cir. 2006); Miedema v. Maytag Corp., 450 F.3d 1322, 1328 (11th Cir. 2006); Abrego v. Dow Chem. Co., 443 F.3d 676, 686 (9th Cir. 2006); Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 448 (7th Cir. 2005).

**III. ANALYSIS**

    **A.   There Is No Federal Question Jurisdiction Under 28 U.S.C. § 1331**

The well-pleaded complaint rule states that a federal question must appear on the face of the complaint in order to create federal question jurisdiction pursuant to 28 U.S.C. § 1331. See, e.g., Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004). Here, Plaintiff's Complaint is based on a District of Columbia statute and unspecified state common law. Accordingly, there is no basis for federal question jurisdiction.

UAL, however, argues that the Supreme Court's recent decision in Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005), provides an exception to the well-pleaded complaint rule. Grable involved a plaintiff's quiet title action that was premised on the validity of an IRS seizure of real property and required interpretation of a related federal statute. Grable, 545 U.S. at 310-11. In finding jurisdiction, the Grable Court relied on the Government's "direct interest in the availability of a federal forum to vindicate its own administrative action" and the "microscopic effect on the federal-state division of labor" of allowing this statutory dispute into federal court. Id. at 315. Given the nature of its subject matter, it is clear that Grable applies to a very narrow category of cases. Empire HealthChoice Assur., Inc. v. McVeigh, 126 S.Ct. 2121, 2137 (2006).

UAL argues that Plaintiff's breach of contract claim is premised on improper notice of the cancellation policy, which necessarily implicates federal regulations promulgated by the Department of Transportation. The fact that Plaintiff's breach of contract claim may implicate federal regulations does not mean it fits into the narrow Grable category. Instead, this case more closely resembles Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804 (1986). In Merrell Dow, the plaintiff brought several state common law claims, one of which was a negligence claim based on the violation of a federal statute. Id. at 805. The Court held that it lacked federal question jurisdiction because "the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system." Id. at 814. Merrell Dow remains good law, Grable, 545 U.S. at 316, and controls here.

In this case, Plaintiff, unlike the plaintiff in Merrell Dow, does not even base her claims on a federal statute. Her cause of action arises from her contract with UAL, not from any federal law. While Department of Transportation regulations may have some tangential relevance to the case, they are neither necessarily raised nor actually disputed by Plaintiff. Furthermore, the strong federal interest present in Grable is absent here.

Therefore, the well-pleaded complaint rule applies, and there

is no basis for federal question jurisdiction.

    **B.    There Is No Diversity Jurisdiction Under 28 U.S.C. § 1332(a) Because UAL Has Not Met Its Burden of Establishing the $75,000 Amount in Controversy Requirement**

28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000."  Plaintiff's original reservation was $283 and her additional first class ticket was $917.  Because the combined amount of those two tickets is well under $75,000, UAL relies on three bases for reaching the required amount in controversy: injunctive costs, attorney's fees, and punitive damages.

        **1.    Injunctive Costs**

The value of injunctive relief for determining the amount in controversy can be calculated as the cost to the defendant. See Comm. For GI Rights v. Callaway, 518 F.2d 466, 472-73 (D.C. Cir. 1975); Tropp v. Western-Southern Life Ins. Co., 381 F.3d 591 (7th Cir. 2004) (holding diversity jurisdiction established where defendant's affidavits included a calculation of injunctive compliance costs).

UAL claims that complying with an injunction preventing the enforcement of its current cancellation policy would cost more than $75,000.  As support, UAL offers a list of obligations that it would be required to undertake in the event an injunction is

6

granted. Notice of Removal at 6-7. UAL provides no evidentiary support for the cost of each obligation, only a claim that the total cost "is certain" to exceed $75,000. Id. at 7. UAL does not submit supporting declarations or affidavits from its employees, who would undoubtedly be in a position to estimate such costs, nor does it provide any evidence to support its claims. This non-existent evidentiary showing is insufficient to meet UAL's burden to establish the existence of federal subject matter jurisdiction. See Your Girl Friday, 2006 U.S. Dist. LEXIS 20665, at *8-9 (holding defendant's speculative contention that reasonable attorney's fees would exceed $25,000 was "inadequate to establish the requisite amount in controversy under the diversity statute.").

Given the well-established principle that ambiguities regarding removal jurisdiction are to be construed in favor of remand, UAL has failed to show that injunctive costs would exceed $75,000.

### 2. Attorney's Fees

Attorney's fees are generally not included in the amount in controversy, unless provided for by statute or contract. See Walker v. Waller, 267 F. Supp. 2d 31, 33 (D.D.C. 2003); Srour v. Barnes, 670 F. Supp. 18, 22 (D.D.C. 1987).

The DCCPPA provides for "reasonable attorney's fees". D.C. Code § 28-3905(k)(1). Plaintiff concedes, however, that her claim under the DCCPPA is preempted by the Airline Deregulation Act of

7

1978 ("ADA"). 49 U.S.C. § 41713(b)(1) ("[A] State. . .may not enact or enforce a law. . .related to a price, route, or service of an air carrier that may provide air transportation under this subpart.").

The DCCPPA is the sole statutory basis for attorney's fees in this case, and it is legally certain that Plaintiff can not recover under it. Therefore, attorney's fees will not be included in determining the amount in controversy. See Watkins v. Pepco Energy Services, Inc., No. 04-2062, 2005 U.S. Dist. LEXIS 16930, at *5-6 (D.C. Cir., July 20, 2005) (granting motion to dismiss for lack of subject matter jurisdiction where it was legally certain that plaintiff's claims could not exceed $75,000).

### 3. Punitive Damages

Punitive damages may generally be included when calculating the amount in controversy under 28 U.S.C. § 1332(a). See Nwachukwu v. Karl, 223 F. Supp. 2d 60, 66 (D.D.C. 2002). Plaintiff's Complaint includes an unquantified request for punitive damages.

UAL proposes a punitive damage amount of $9170, ten times the price of Plaintiff's first class ticket. However, UAL provides no evidentiary support for this figure. Because this completely speculative estimate is factually unsupported, and the burden is on UAL to establish removal jurisdiction, punitive damages will not be included in determining the amount in controversy. See Hohn v. Volkswagen, 837 F. Supp. 943, 945 (C.D. Ill. 1993) (holding

"jurisdiction cannot be based on probabilities, surmise or guesswork."); see also Your Girl Friday, 2006 U.S. Dist. LEXIS 20665, at *8 (same).[4]

For the reasons stated, injunctive costs, attorney's fees, and punitive damages can not be included in determining the amount in controversy. Therefore, the amount in controversy is less than $75,000, and there is no diversity jurisdiction under 28 U.S.C. § 1332(a).

    **C.**    **There Is No Diversity Jurisdiction Under 28 U.S.C. § 1332(d) Because Defendant Has Not Met Its Burden of Establishing the $5,000,000 Amount in Controversy Requirement**

CAFA provides for federal jurisdiction over class actions with the existence of only minimal diversity of citizenship between the parties. See 28 U.S.C. § 1332(d)(2)(A) (stating district courts have original jurisdiction over civil actions in which "any member of a class of plaintiffs is a citizen of a State different from any defendant") (emphasis added). The existence of diversity of

---

[4] Moreover, Plaintiff faces substantial hurdles before she could obtain punitive damages in this case. See State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408, 419 (2003) (listing factors relevant to the award of punitive damages: "the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit"). In addition, UAL's estimate that punitive damages would equal ten times compensatory damages is excessive under State Farm. Id. at 425. ("in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages. . .will satisfy due process.")

citizenship is not in question in this case.

CAFA also contains a $5,000,000 amount in controversy requirement. 28 U.S.C. § 1332(d)(2). The claims of all class members are aggregated to reach this amount. 28 U.S.C. § 1332(d)(6). To calculate the total amount, the average class member's claim is multiplied by the number of class members. Plaintiff's Complaint alleges that her $917 disgorgement claim is "typical." Compl. ¶ 11.[5]

The class size is not at all clear, however. Plaintiff estimates the class members number in the "thousands." Compl. ¶ 10. UAL bears the burden of establishing jurisdiction, and facts necessary for a more precise estimate of the class size are uniquely within its knowledge. Despite this, UAL provides no evidence for the likely size of the class, and instead falls back on Plaintiff's estimate in the Complaint of "thousands" of class members. This reliance on Plaintiff's estimate fails to meet UAL's burden. Because the size of the class is very unclear, the issue should be resolved in favor of remand. See Miedema v. Maytag Corp., 450 F.3d 1322, 1328-29 (11th Cir. 2006); Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006).

Miedema is instructive as an example of the substantial burden

---

[5] UAL seeks to include attorney's fees, punitive damages, and injunctive costs to the average class member's claim, but for reasons discussed above, these are not properly included in the amount in controversy.

the removing party bears in establishing the amount in controversy under CAFA. In that case, the defendant submitted an affidavit containing an estimate that the number of defective products in the class was 6,729 and that the total value of those products was $5,931,971, an amount based on the retail price of the product. Miedema, 450 F.3d at 1330-31. Despite the precision of these estimates, the court held that while the size of 6,729 was sufficiently established, the total value of over $5 million was not. Id. at 1331-32. The court found remand was appropriate because "great uncertainty remained about the amount in controversy." Id. at 1332.

In this case, UAL has failed to provide estimates with the precision shown in Miedema. Here, the $917 is sufficiently established, but the class size is not. Plaintiff's estimate that the class size numbers "thousands" is far less precise than the estimates in Miedema, and UAL provides the court with little guidance for arriving at a more precise figure, even though it could likely provide such information. See Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 447-48 (7th Cir. 2005) ("When the defendant has vital knowledge that the plaintiff may lack, a burden that induces the removing party to come forward with the information--so that the choice between state and federal court may be made accurately--is much to be desired.").

UAL relies on a phrase in Brill, 427 F.3d at 449, to argue

11

that the amount in controversy is satisfied because "recovery exceeding $5 million for the class as a whole is not 'legally impossible.'" This is not the legal test <u>Brill</u> states for determining whether the removing party has met its jurisdictional burden. <u>See</u> <u>id.</u> ("the removing litigant must show a reasonable probability that the stakes exceed the minimum [amount in controversy]").

Because the amount in controversy is uncertain, and ambiguities are to be resolved in favor of remand, UAL has not met its burden of establishing CAFA jurisdiction.

UAL has therefore failed to establish that the Court has subject matter jurisdiction over this case. Thus, the Court need not address UAL's Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6).

**IV. CONCLUSION**

For the above reasons, Plaintiff's Motion for Remand **[Dkt. No. 12]** is **granted** and UAL's Motion to Dismiss **[Dkt. No. 4]** is **denied as moot.** The case is **remanded** to the Superior Court for the District of Columbia.

An Order shall issue with this Memorandum Opinion.

|  |  |
|---|---|
| July 31, 2007 | /s/<br>Gladys Kessler<br>United States District Judge |

**<u>Copies to</u>: Attorneys of record via ECF**